IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02274-LTB-KLM

JEFFREY T. MAEHR

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the **United States' Motion for Summary Denial of Petition to Quash** [Docket No. 7; Filed December 19, 2008] (the "Motion").  Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO. LCivR. 72.1.C., the Motion has been referred to this Court for recommendation.  The Court has reviewed the Motion, Petitioner's **Motion for Denial of U.S. Denial [sic] of Petition to Quash** [Docket No. 12; Filed January 5, 2009], the **United States' Reply in Support of United States' Motion for Summary Denial of Petition to Quash** [Docket No. 13; Filed January 14, 2009], the entire case file and applicable case law and is sufficiently advised in the premises.  Accordingly, for the reasons set forth below, I **RECOMMEND** that the Motion be **GRANTED**.

### I. Background

    This case concerns a third-party administrative summons issued to Citizen's Bank of Pagosa Springs by the Internal Revenue Service ("IRS"). *Declaration* [#9], Ex. 1.  The

1

administrative summons directed the bank to produce certain books, papers, records, and other data concerning the Petitioner, Jeffrey T. Maehr, Pure Health Systems, LLC and "other entities owned or controlled." *Id.* Petitioner has filed a Petition to Quash Summons. *Petition* [#1]. Petitioner claims that the IRS had no authority to issue the summons because it is not a federal agency. *Id.* at 6. He also asserts that the administrative summons is invalid because the IRS did not obtain prior court approval. *Id.* at 6-7. Finally, Petitioner claims that the IRS's notice to him of the summons was untimely and inadequate. *Id.* at 7-8.

## II. Analysis

Because Petitioner is proceeding *pro se* the Court must construe his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

The IRS has broad authority to issue summonses in an effort to determine taxpayers' tax liabilities. *Codner v. United States*, 17 F.3d 1331, 1332 (10th Cir. 1994). The Internal Revenue Code authorizes the Secretary of the Treasury to issue administrative summonses to "examine any books, papers, records, or other data" for the purpose of determining tax liability or collecting the tax liability of a taxpayer. 26 U.S.C. § 7602(a). The statute grants to the IRS "expansive information-gathering authority."

*United States v. Arthur Young & Co.*, 465 U.S. 805 , 816 (1984).   A person who is the subject of an IRS summons has the right to bring a proceeding to quash the summons.  26 U.S.C. § 7609(b)(2)(A).

When a summons is challenged, the IRS must establish a *prima facie case* for enforcement of a summons by demonstrating the following: (1) the IRS is conducting the current investigation for legitimate purposes; (2) the information the IRS seeks is relevant to the purposes of the investigation; (3) the IRS does not already possess the information; (4) the administrative steps required by the Internal Revenue Code were followed; and (5) a criminal referral has not been made to the Department of Justice.  *United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 318 (1978); *United States v. Powell*, 379 U.S. 48, 57-58 (1964).  The government's burden to make a *prima facie* case "is a slight one because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted."  *United States v. Balanced Fin. Mgmt.*, *Inc.,* 769 F.2d 1440, 1443 (10th Cir. 1985).  The IRS can meet its burden by producing an affidavit of the agent who issued the summons.  *Id.* at 1443;  *Rader v. United States*, No. 08-cv-00568-WDM-MEH, 2008 WL 4949168, at *6 (D. Colo. Nov. 17, 2008).

To support its *prima facie* case for the enforcement of the summons, the United States has submitted a Declaration from William R. Sothen, the Revenue Agent employed by the IRS who issued the summons.  *Declaration* [#9], ¶¶ 1, 5. Agent Sothen is conducting an examination of the  income tax liabilities of the Petitioner for the years 2003-2006.  *Id.* at ¶ 3.  Petitioner has not filed income tax returns for those years.  *Id.* at ¶ 4.

Agent Sothen asserts that Citizen's Bank of Pagosa Springs has information and/or records that may assist him in determining Petitioner's income and tax liability.  *Id.* at ¶ 8.

The information sought is not already in the possession of the IRS. *Id.* at ¶ 9. Agent Sothen has taken all the administrative steps required by the Internal Revenue Code and there has been no criminal referral of the investigation to the Department of Justice. *Id.* at ¶¶ 10, 11.

Based on Agent Sothen's affidavit, I find that the IRS has established a *prima facie* case for the enforcement of the summons. The affidavit shows that the investigation of Petitioner is for a legitimate purpose, the information sought may be relevant to the investigation, the IRS does not possess the information, all the required administrative steps have been followed, and the case has not been referred to the Department of Justice.

Once the IRS has made a *prima facie* case, the summons should be enforced unless the taxpayer can show that the IRS is attempting to abuse the court's process. *Rader,* 2008 WL 4949168, at *6. "Such an abuse would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." *Powell*, 379 U.S. at 58. The taxpayer's burden is a heavy one. *Balanced Fin. Mgmt., Inc.*, 769 F.2d at 1444:

> [A] taxpayer must factually oppose the Government's allegations by affidavit. Legal conclusions or mere memoranda of law will not suffice. Allegations ... are insufficient if conclusionary. [I]f at this stage the taxpayer cannot refute the government's *prima facie* ... showing or cannot factually support a proper affirmative defense, the district court should dispose of the proceeding on the papers before it and without an evidentiary hearing.

*Id.* (internal citations and quotations omitted).

I will now consider whether Petitioner has sustained his burden.

Petitioner claims that the summons is invalid because the IRS is not a federal agency and has no authority to issue summonses. *Petition* [# 1] at 6. This argument is routinely rejected as frivolous by the courts. *See United States v. Ford*, 514 F.3d 1047, 1053 (10th Cir. 2008); *Abel v. Sothen*, 214 Fed. Appx. 743, 754 (10th Cir. 2007); *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990). In fact, Petitioner has unsuccessfully raised this argument before in another District Court and the Court ruled that the argument was wholly without merit. *See Maehr v. United States*, No. 3:08-mc-00067-W, 2008 WL 2705605, at *2 (W.D.N.C. July 10, 2008).

Petitioner argues that the IRS was required to obtain judicial approval for the summons. The law is to the contrary. A summons issued pursuant to 28 U.S.C. § 7602 does not require prior judicial approval. *Tiffany Fine Arts, Inc. v. United States*, 469 U.S. 310, 311 (1985); *Balanced Fin. Mgmt., Inc.*, 769 F.2d at 1449. He also contends that the summons is void because it lacks a judge's signature and stamp of the court and does not comply with Fed. R. Civ. P. 4. That rule applies to judicial summonses issued as part of a civil action. *See* Fed R. Civ. P. 1 ("[t]hese rules govern the procedure in all civil actions and proceedings ...") The IRS summons is an administrative summons. Fed. R. Civ. P. 4 does not apply to the issuance of an administrative summons. *Hicks v. United States*, No. 1: 02CV00284, 2003 WL 151854, at *2 (M.D.N.C. Jan. 17, 2003); *Rich v. Cripe*, No. 2:97:0051, 1997 WL 759617, at *5 (M.D. Tenn. Oct. 7, 1997).

Petitioner's final argument is that he was not given proper notice of the IRS summons. *Petition* [#1] at 7. A person identified in an IRS summons is entitled to receive notice. 26 U.S.C. § 7609(a)(1). The notice is required to be given within three days of the date on which the summons is served upon the summoned party, and not later than the

twenty-third day before the day fixed in the summons as the day upon which such records are to be examined. *Id.* Notice is sufficient if it is mailed by certified mail to the last known address of the person identified in the summons. *Id.; see also Codner*, 17 F.3d at 1331.

The summons that is the subject of this case was issued and mailed to Citizen's Bank of Pagosa Springs on October 6, 2008. *Declaration* [#9]*,* ¶ 6. On that same date, Agent Sothen served notice on Petitioner and Pure Health Systems, LLC by mailing a copy of the summons via certified mail to the last known address of the Petitioner. *Id.* at ¶ 7 & Ex. 3. Accordingly, Petitioner was given proper notice of the summons pursuant to law.

Petitioner has failed to rebut the government's *prima facie* case. Petitioner has not offered any specific facts from which the Court may find bad faith or abuse of the process by the Respondent. Consequently, an evidentiary hearing is not required. *See Balanced Fin. Mgmt., Inc.,* 769 F.2d at 1444-45 n. 2.[1]

### III. Conclusion

Based on the foregoing, I **RECOMMEND** that the **United States' Motion for Summary Denial of Petition to Quash** [#7] be **GRANTED**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*,

---

[1] Because the Court recommends summary denial of the Petition, there is no need to address the Respondent's alternative claim that the United States was not properly served with Petitioner's Petition to Quash Summons.

474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: May 1, 2009

                                              BY THE COURT:

                                              s/ Kristen L. Mix
                                              U.S. Magistrate Judge